MUTERS, Respondent v. SCHIMMEL, Appellant

(217 N.W.2d 149)

(File No. 11259. Opinion filed April 24, 1974)

Roger R. Gerlach, Salem, for plaintiff and respondent.

Rollyn H. Samp, Sioux Falls, John A. Shaeffer, Flandreau, for defendant and appellant.

BIEGELMEIER, Chief Justice.

The official canvass of votes for the office of McCook County Register of Deeds found Gladys Schimmel had received 1935

votes and Marlys Muters had received 1928 votes. Marlys Muters filed a petition for a recount, and the recount board filed its certificate of the recount of the votes showing the following result: Schimmel-1906 votes, Muters-1904 votes.

Thereupon, Muters filed a petition for a writ of certiorari with the clerk of courts of McCook County to have the proceedings of the recount board reviewed. See SDCL 12-21-47 through SDCL 12-21-58 for jurisdiction of a procedure in circuit court. The court issued the writ, an appearance was filed by Schimmel and on the return date both parties appeared in person and by their attorneys.

The Muters petition for certiorari complied with SDCL 12-21-49 by setting forth the matters required therein, with particulars in which Muters claimed the county recount board had exceeded its jurisdiction and misapplied the law in the determination of questions concerning disputed ballots, that is, if the board had ruled correctly on ballots claimed spoiled the gain over the recount board total resulted in an increase of 36 ballots for Muters and 26 ballots for Schimmel, and petitioner would have been elected.

The Schimmel appearance was designated an Answer and Motion for Dismissal. It did not deny any of the facts or statements set forth in the petition and contained only a request for dismissal, claiming the petition was invalid for two reasons. The first Schimmel claim was that SDCL 12-21-47,* which it quoted, requires the petition for a writ of certiorari to be filed with either the county auditor or the secretary of state and not with the clerk of courts of McCook County. Defendant's claim is based on an erroneous reading of the statute, as it is clearly the "recount certificate" that must be filed with the secretary of state or county auditor. A petition for certiorari is addressed to the

---

* "Whenever any candidate is aggrieved by the final determination made as a result of any recount, he may have the proceedings of such recount board reviewed upon certiorari as provided by this chapter. Such review may also be obtained as to any submitted or referred question by any elector who was entitled to vote thereon, but only with the approval of the court in which such review is asked, or of a judge of such court, which approval must be endorsed upon the petition before it is filed. The petition for the writ must be filed within five days after the *filing of the recount certificate* with the secretary of state or county auditor." (emphasis supplied)

circuit court which is given jurisdiction thereof by SDCL 12-21-48, and that section and many related sections clearly refer to the circuit court or a judge thereof. The clerk of courts is an officer of the court and the person holding the office wherein papers involving the court must be filed. SDCL 15-6-5(d) requires the original of all papers served upon a party or presented to any court or judge in support of any application to be filed with the court, and SDCL 15-6-5(e) defines filing with the court as "filing them with the clerk of the court." The petition was properly filed with the clerk of courts, and defendant's contention has no merit.

■ The next defense alleged in the answer was that before Marlys Muters could seek a review of the recount proceedings SDCL 12-21-47 required the approval of the petition by the court or judge thereof, and no such approval having been endorsed on the petition it should be dismissed. That statute only requires approval "as to any submitted or referred question by any elector", and it is not required for a review of the proceedings of a recount board by a "candidate". That claimed defense is also without merit and, thus, the "Answer", etc., stated no defense to the petition.

The trial judge nevertheless proceeded to hear the parties on the return date of the writ (SDCL 12-21-56) and consonant with the admonitions of that section the judgment recites that the parties stipulated as to the correctness of many rulings of the recount board and submitted the balance of the ballots for the court's decision. The court made findings as to the disputed ballots, which findings resulted in 1924 votes for Muters and 1921 votes for Schimmel. It entered a judgment that Muters had been elected to the office and directed the issuance to Muters of a certificate of election. The judgment was entered by being signed by Judge Anderst, attested and filed with the clerk of courts on January 8, 1973. Gladys Schimmel appeals.

■ The substance of the appellant's claims of error is that the court erred in holding that Marlys Muters be and she hereby is, declared to have been elected to the office of Register of Deeds. The trial court, in addition to stating that the parties had stipulated that 44 exhibits, detailing them by number, were correctly ruled on and seven were improperly rejected by the

recount board, made the votes 1909 for Muters and 1908 for Schimmel; it then found that 28 exhibits separately numbered and identified were improperly rejected and further found that Marlys Muters had received 1924 votes and Gladys Schimmel had received 1921 votes. SDCL 15-6-52(a) directs that findings of fact shall not be set aside unless clearly erroneous. In re Estate of Hobelsberger, 85 S.D. 282, 181 N.W.2d 455. While defendant has not supported that burden, the ballots have been examined, and we conclude the judgment entered by the trial court was correct and it is affirmed.

WINANS, WOLLMAN and DUNN, JJ., concur.

DOYLE, J., concurs in result.